**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 8 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

PHILLIP SANCHEZ,

      Plaintiff-Appellant,

v.

CITY OF ALBUQUERQUE,

      Defendant-Appellee.

No. 02-2107
(D.C. No. CIV-01-914-RLP/WWD)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **HARTZ** , **O'BRIEN** , and **McCONNELL** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff seeks review of the dismissal of his complaint, with prejudice,[1] in which he alleged a violation of his civil rights under 42 U.S.C. § 1983 against defendant City of Albuquerque. The action was initially filed in state court and removed to federal court by the defendant. We have jurisdiction and we affirm.

Plaintiff contends he was arrested, jailed, and inconvenienced because on two occasions in 1999 officers of the Albuquerque Police Department (APD) allowed another person to falsely identify himself as plaintiff after separate traffic stops. Plaintiff further claims that this negligent conduct by APD officers constituted a constitutional deprivation under § 1983.

We review de novo the dismissal of a complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). When a party moves to dismiss under Rule 12(b)(6), the movant must show beyond a doubt that the plaintiff can prove no set of facts to support his claim entitling him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

The magistrate judge correctly noted that the Supreme Court has held that local governments can be sued for damages for actions that unconstitutionally implement or execute a policy statement, ordinance, regulation, or decision that

---

[1] The parties consented to proceeding to judgment before a magistrate judge in accordance with 28 U.S.C. § 636(c)(1).

has been officially promulgated or adopted by that body's officers or for constitutional deprivations based on governmental custom, even though not formally approved by the body's decisionmaking channels. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978). However, a government body cannot be held liable under § 1983 based on the doctrine of respondeat superior, i.e., because the body employs a tortfeasor. *Id.* at 691.

Plaintiff's amended complaint alleged only that the APD (not the individual officers) acted in a negligent manner in failing to obtain positive identification from the person who impersonated plaintiff on two occasions. He contended that "negligent conduct under these circumstances gives rise to a direct claim of [c]onstitutional deprivation remedial under § 1983." Aplt. App. at 7.

On appeal, he first argues that the magistrate judge erred in dismissing his amended complaint because he failed to prove a claim of municipal liability. This is not the case. Plaintiff failed to even allege the requisite elements of a claim against the City of Albuquerque, i.e., that a municipal employee committed a constitutional violation and that a municipal policy or custom constituted the moving force behind that constitutional violation. *Myers v. Okla. County Bd. of County Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998). Negligence, which is all plaintiff alleged, is insufficient to state a constitutional violation. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986).

Next, plaintiff claims the magistrate judge erred in failing to afford him notice or the opportunity to amend his complaint to correct his pleading deficiencies. He asserts that "the only reasonable inference to be drawn from [his] designation of the City as the party defendant is that [he] contends that the City of Albuquerque has liability to him for the actions of its patrol officers." Aplt. Br. at 11. However, a municipality may not be held liable under § 1983 solely because one or more of its employees has inflicted injury on the plaintiff. *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993). "Rather, to establish municipal liability, a plaintiff must show (1) the existence of a municipal policy or custom, and (2) that there is a direct causal link between the policy or custom and the injury alleged." *Id.* Plaintiff completely failed to allege either element, and this failure is not a mere technical error.

Finally, plaintiff claims the magistrate judge erred in dismissing his complaint with prejudice. We review the dismissal of a complaint with prejudice under an abuse of discretion standard. *United States ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 809 (10th Cir. 2002). Although plaintiff contends he had no notice or opportunity to amend his complaint, the docket sheet reflects that he had already amended his complaint once, he was on notice of the amended complaint's deficiencies by defendant's motion to dismiss, and he made no attempt to further amend his complaint prior to the magistrate judge's dismissal of

-4-

his case. The magistrate judge did not abuse his discretion in dismissing plaintiff's complaint with prejudice.

**AFFIRMED** .

Entered for the Court


Terrence L. O'Brien
Circuit Judge